IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SHARON LACEY,                       )
                                    )
              Plaintiff,            )
                                    )
    v.                              )    No.  09 C 1898
                                    )
ARAMARK Healthcare Support          )
Services, LLC, etc.,                )
                                    )
              Defendant.            )

MEMORANDUM ORDER

ARAMARK Healthcare Support Services, LLC ("ARAMARK"), incorrectly named in the complaint brought against it by Sharon Lacey ("Lacey") as "ARAMARK, a foreign corporation," has filed a Notice of Removal ("Notice") to bring this action from its place of origin in the Circuit Court of Cook County to this District Court.  Because ARAMARK's counsel waited until the last minute--the thirtieth day after ARAMARK received the Complaint--to file its Notice (see Notice ¶2), the effectiveness of the proposed removal must stand or fall with the validity of the Notice (see, e.g., In re Shell Oil Co., 970 F.2d 355, 356 (7th Cir. 1992)(per curiam)).

It is of course black-letter law that "[t]he first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged" (Wis. Knife Works v. Nat'l Metal Crafters, 781 F.2d 1280, 1282 (7th Cir. 1986); accord, such cases as Cook v. Winfrey,, 141 F.3d 322, 325 (7th Cir. 1998)).  And that calls for sua sponte action if the party

invoking federal jurisdiction fails in that effort--as <u>Wernsing v. Thompson</u>, 423 F.3d 732, 743 (7th Cir. 2005) puts it:

> Accordingly, not only may the federal courts police subject matter jurisdiction sua sponte, they must.

In that respect, although Notice ¶3 identifies Lacey's Illinois citizenship, here is all that ARAMARK's counsel say about their own client in Notice ¶4:

> Defendant ARAMARK is organized and existing under the law of the State of Delaware with its principal place of business in Philadelphia, Pennsylvania.

That, as ARAMARK's counsel would have it, means that "Defendant is a citizen of the State of Delaware" (Notice ¶7),[1] so that they say federal subject matter jurisdiction is present on diversity of citizenship grounds. But that is just wrong, and counsel should have known better.

It is really troubling to continue to encounter that basic misconception of the principles of citizenship that apply to limited liability companies, when for more than a decade (see <u>Cosgrove v. Bartolotta</u>, 150 F.3d 729, 731 (7th Cir. 1998)) our Court of Appeals has repeatedly been teaching otherwise (see, e.g., <u>Wise v. Wachovia Secs., LLC</u>, 450 F.3d 265, 267 (7th Cir. 2006)). Because ARAMARK's counsel have ignored that teaching and consequently have not sustained their burden of establishing the

---

[1] Even if ARAMARK had been a conventional corporation rather than a limited liability company, the language quoted in the text would have been inadequate, for it ignores the dual corporate citizenship provision of 28 U.S.C. §1332(c)(1).

2

existence of the required diversity, this Court orders the case remanded to the Circuit Court of Cook County for lack of subject matter jurisdiction pursuant to 28 U.S.C. §1447(c). Finally, to enable the parties to go about their business of litigating their dispute (this Court notes that ARAMARK does not appear to have filed a timely answer to Lacey's Complaint), the Clerk is ordered to mail the copy of the remand order forthwith.

_____
Milton I. Shadur
Senior United States District Judge

Date: March 30, 2009